IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

BARBARA G. DAUVEN,
THEODORE (TED) E. DAUVEN,

      Plaintiffs,

  v.                                                                                              No.  CV-11-613-PK

U.S. BANK NATIONAL ASSOCIATION,
CLACKAMAS COUNTY CIRCUIT COURT,                          ORDER
CLACKAMAS COUNTY SHERIFF, SUPREME
COURT OF THE OREGON, and agents,

      Defendants,.

HERNANDEZ, District Judge:

    Plaintiffs Barbara and Ted Dauven bring this action against defendants U.S. Bank National Association, Clackamas County Circuit Court, Clackamas County Sheriff, the Supreme Court of Oregon, and "agents."  While plaintiffs raise what they call "civil rights" claims under the Fourteenth Amendment, including a claim for due process and a claim for equal protection,

1 - ORDER

the Complaint essentially concerns plaintiffs' challenges to two eviction proceedings which originated in Clackamas County Circuit Court. In one eviction proceeding, plaintiffs, after appealing to the Oregon Court of Appeals, filed a petition of review to the Oregon Supreme Court. That court dismissed the petition in February 2011. Plaintiff alleges that the Oregon Supreme Court denied them due process and equal protection as a result of what they contend are clerical errors which resulted in the dismissal of the petition for review.

In the other eviction proceeding, plaintiffs have just received an order from Clackamas County Circuit Court requiring them to move off the property no later than 11:59 p.m on May 20, 2011 (Notice of Restitution/Deadline to Move Out). Plaintiffs contend that Clackamas County Circuit Court has denied them due process and equal protection by denying them "supersedeas three times on May 18, 2011," and by refusing to hear their case "two times" on May 18, 2011. Compl. at p. 4. As to U.S. Bank National Association, plaintiffs raise a substantive challenge to its right to evict them based on a theory that the Mortgage Electronic Registration Service (MERS) had no ability to assign an interest to U.S. Bank.

Presently, plaintiffs seek a temporary restraining order to prevent the execution of the Notice of Restitution/Deadline to Move Out. I deny the motion.

A party seeking a temporary restraining order must demonstrate that (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest. Winter v. Natural Res. Def. Council, 129 S. Ct. 365, 374 (2008); see also Buckland v. MERS Mort. Elec. Registration Systems, Inc., No. CV-11-3053-CL, 2011 WL 1667440,*1 n.1 (D. Or. May 3, 2011) (noting that standards for issuing a temporary restraining order are similar to those

2 - ORDER

for a preliminary injunction).

Here, plaintiffs cannot demonstrate that they are likely to succeed on the merits.

The Anti-Injunction Act, 28 U.S.C. § 2283, bars the issuance of the requested injunction as to U.S. Bank National Association.  The Act bars federal courts from granting "an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  The Anti-Injunction Act "is an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act[,]" which are to be narrowly construed.  Vendo Co. v. Lektro-Vend Corp., 433 U.S. 623, 630 (1977).   As to U.S. Bank, none of the exceptions apply.

As to the other defendants, plaintiffs fail to cite to any particular statute that creates an exception to the Anti-Injunction Act. However, although they do not expressly cite to 42 U.S.C. § 1983, it is possible that plaintiffs intended to assert their due process and equal protection claims under that statute.  Civil rights action under section 1983 are among the exceptions to the Act that have been "expressly authorized by Act of Congress."  Mitchum v. Foster, 407 U.S. 225, 243  (1972).  Thus, while the second and third exceptions are inapplicable, the equal protection and due process claims against the Supreme Court of Oregon and the Clackamas County Circuit Court are exceptions to the Anti-Injunction Act.

However, plaintiffs fail to state a claim against those other defendants and for that reason the motion is denied.  The Eleventh Amendment bars a citizen from bringing suit against his own state, or state agency or department, in federal court. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984);  Micomonaco v. State of Wash., 45 F.3d 316, 319 (9th Cir. 1995).

3 - ORDER

Although there are exceptions, the Supreme Court has made clear that Congress did not abrogate the states' Eleventh Amendment immunity by enacting section 1983.  Quern v. Jordan, 440 U.S. 332, 341 (1979).  In addition, the State of Oregon has not consented to be sued or done anything to waive its immunity in this action.  See Edelman v. Jordan, 415 U.S. 651, 673 (1974) ("[W]e will find waiver only where stated by the most express language or by such overwhelming implications from the test as [will] leave no room for any other reasonable construction.") (internal quotation omitted).

Here, plaintiffs' claims against the Oregon Supreme Court are barred by the Eleventh Amendment.  Moreover, the Clackamas County Circuit Court is, in fact, a state entity.  See Sobotta v. State of Oregon, 2007 WL 2984039, at *2 (D. Or. Oct. 10, 2007) (plaintiff's allegations pertaining to the circuit court failed to state a claim because of Eleventh Amendment immunity).

Finally, while plaintiffs name the Clackamas County Sheriff in the caption of the Complaint, and list them as a defendant, they state no allegations and bring no claim against that entity.  Thus, they fail to state a claim against the Sheriff's Department.

## CONCLUSION

Plaintiffs' motion for a temporary restraining order [#3] is denied.

IT IS SO ORDERED.

Dated this   20th       day of   May                , 2011

/s/ Marco A. Hernandez
Marco A. Hernandez
United States District Judge

4 - ORDER